UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES E. JORDAN, JR.,

Plaintiff,

v.                                              CASE No. 8:17-CV-707-T-23TGW

BERNIE McCABE, *et al.*,

Defendants.

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) pursuant to 28 U.S.C. 1915. Because this suit is hopelessly flawed, I recommend that the motion be denied, and the case be dismissed without leave to amend.

The plaintiff, who is incarcerated, has asserted various claims relating to his previous state court convictions for probation violation and robbery. Previously, the plaintiff sought habeas corpus relief from his convictions, but relief was denied by this court. See Case No. 8:12-cv-1282-JSM-AEP (Doc. 18). The plaintiff appealed that decision, and the Eleventh Circuit Court of Appeals denied his request for a certificate of appealability. Id. at Doc. 23.

The plaintiff's current complaint attacks his state court convictions under 42 U.S.C. 1983 and seeks immediate release from prison. However, the plaintiff's complaint fails to set forth a cognizable claim under § 1983. Moreover, the complaint does not comply with the Federal Rules of Civil Procedure.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

In the first place, the plaintiff's complaint does not contain a short and plain statement of his claims. See Rules 8(a), 10(b), F. R. Civ. P. The plaintiff asserts four claims that purport to allege that his 4th, 5th, 8th, and 14th Amendment rights were violated due to his state court sentence for committing a robbery while on probation (Doc. 1, pp. 9-10). However, his allegations do not set forth a coherent basis for his claims. Moreover, the plaintiff attempts to sue various defendants, but does not identify which

defendants are liable under each count or clearly identify their roles in the matter (see id., pp. 6-8).

More fundamentally, under the guise of a § 1983 case, the plaintiff is seeking relief from his state court convictions by requesting an immediate release from prison. However, a §1983 cause of action may not be used for this purpose. Thus, the plaintiff does not assert a cognizable claim under § 1983 because he is not seeking a claim for damages under § 1983, but, rather, requests that he be granted "TIME SERVED — IMMEDIATELY EMERGENCY RELEASE!" (Doc. 1, p. 11). In other words, the plaintiff's complaint is based on his claim that he was wrongfully convicted for a robbery while on probation and, therefore, he wants to be released from prison. However, when an individual challenges the fact of his conviction, his exclusive federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id.

Moreover, even if the plaintiff's complaint were liberally [mis]construed to seek damages, the complaint would still fail. Thus, the Supreme Court stated in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

The plaintiff has not alleged, and there is no indication, that his convictions have been overturned.

In addition, the plaintiff's claims based on § 1983 are time barred. Thus, "Florida's four-year statute of limitations applies to ... claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985." Chappell v.

-4-

Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). The time period to file a cause of action does not begin to run "until the plaintiff[] know[s] or should know (1) that [he has] suffered the injury that forms the basis for [his] complaint and (2) who has inflicted the injury." Id. The plaintiff's claims arise from his convictions in 2008 and from pre-conviction incidents. Case No. 8:12-cv-1282-JSM-AEP (Doc. 18, p. 4). Clearly, the plaintiff's claims asserted in a § 1983 lawsuit filed in 2017 are well past the four-year statute of limitations. See Rembert v. Florida, 572 Fed. Appx. 908, 909 (11th Cir. 2014) (plaintiff's filing of complaint in 2013 based on his conviction in 1995 was time barred and, therefore, "failed to state a cognizable claim for relief.").

For the foregoing reasons, the plaintiff has failed to set forth a valid and timely basis for relief under § 1983. Although a *pro se* claimant is typically afforded an opportunity to file an amended complaint, see Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002), that would clearly be futile in this matter. Therefore, the complaint should be dismissed, and the case closed. See 28 U.S.C. 1915(e)(2)(B)(ii).

Respectfully submitted,

*/s/ Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: April 11, 2017

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.